**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN A. CORRION,

      Plaintiff,                          Civil Action No. 2:09-11404

v.                                       HONORABLE VICTORIA A. ROBERTS
                                          UNITED STATES DISTRICT COURT

DAVID L. MORSE, et. al.,

      Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  Introduction

Before the Court is Plaintiff John A. Corrion's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983.  Plaintiff is a state prisoner currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan.  For the reasons stated below, the complaint is **DISMISSED WITHOUT PREJUDICE.**

### II.  Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff was convicted of solicitation to murder and being a second-felony habitual offender in the Livingston County Circuit Court in Circuit Court Case # 06-016087-FC and sentenced to 21 years and 10 months to 40 years in prison. Petitioner had previously been convicted of assault with intent to do great bodily harm less than murder for assaulting his ex-wife in Livingston County Circuit Court under Case # 05-015154-FH. Plaintiff's solicitation to murder conviction was affirmed on appeal. *See People v. Corrion,* No. 2008 WL 4332096 (Mich.Ct. App. September 23, 2008); *lv. den.* 759 N.W. 2d 359 (2009). By his own admission, Plaintiff has filed a petition for writ of habeas

corpus challenging his solicitation to murder conviction, which remains pending. *Corrion v. McKee,* U.S.D.C. No. 2:09-CV-10696 (E.D. Mich.)(Lawson, J.). Plaintiff claims that he has filed a motion to withdraw his guilty plea with respect to his assault with intent to do great bodily harm conviction, but there is no indication that the motion has been denied or whether Plaintiff has appealed the denial of such motion to the Michigan appellate courts.

Plaintiff claims that the defendants have withheld transcripts and other materials that would assist him in obtaining relief from both of his convictions. Plaintiff seeks monetary and injunctive relief.

### IV. Discussion

Plaintiff's complaint is subject to dismissal for several reasons.

First, to the extent that Plaintiff seeks monetary damages arising from his criminal convictions, he would be unable to obtain such damages absent a showing that his criminal convictions had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated. *See Patrick v. Laskaris*, 25

3

F. Supp. 2d 432, 433 (S.D.N.Y. 1998). Because Plaintiff does not allege that his convictions have been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

To the extent that Plaintiff is seeking to have his criminal convictions vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *See Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995); *See also Bey v. Gulley,* 2002 WL 1009488, * 2 (E.D. Mich. May 6, 2002). An action which is properly one for habeas relief does not state a cognizable claim under § 1983. *See Benson v. New Jersey State Parole Bd.,* 947 F. Supp. 827, 831 (D.N.J. 1996). When the effect of granting equitable relief under the civil rights statute would be to substitute § 1983 for a petition for writ of habeas corpus to attack a state court conviction, a prisoner fails to state

4

a claim under § 1983. *Palmer v. Nebraska Supreme Court,* 927 F. Supp. 370, 371 (D. Neb. 1996)(*quoting Eutzy v. Tesar,* 880 F. 2d 1010, 1011 (8th Cir. 1989)). A plaintiff therefore cannot seek declaratory or injunctive relief relating to his conviction in a § 1983 action. *Nelson v. Campbell,* 124 S. Ct. 2117, 2122 (2004). Courts have held that a plaintiff cannot seek injunctive relief under Section 1983 to obtain his or her trial transcripts, where the plaintiff's sole basis for doing so is to facilitate an attack on his or her criminal conviction. *Scruggs v. Moellering*, 870 F. 2d 376, 379 (7th Cir. 1989); *Boone v. Weizel,* 917 F. Supp. 518, 520 (N.D. Ohio 1996). Because Plaintiff seeks his transcripts and other documents for the purpose of attacking his criminal convictions, he cannot maintain a Section 1983 to do so.

Since Plaintiff appears to be asking this Court to reverse his criminal convictions, his complaint would stand in habeas corpus, and not under the civil rights statute. The current defendants would therefore not be the proper respondent. *See Urrutia v. Harrisburg County Police Dept.,* 91 F. 3d 451, 462 (3rd Cir. 1996)(citing to Rule 2(a), Rules Governing § 2254 Cases). Instead, the proper respondent would be Kenneth McKee, the warden at the Bellamy Creek Correctional Facility. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

To the extent that Plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983. This Court will not, however, convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus

statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.*

To the extent that Plaintiff is seeking habeas relief on his solicitation to murder conviction, his complaint is subject to dismissal as being duplicative of his habeas petition that remains pending before Judge Lawson. *See e.g. Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)(internal citations omitted).

In addition, this Court cannot treat Plaintiff's complaint as an application for habeas corpus relief regarding his assault with intent to do great bodily harm conviction because the Court has no information that the Plaintiff has exhausted his state court remedies with regard to this conviction, as required by 28 U.S.C. § 2254(b) & (c), to obtain federal habeas relief. *Parker v. Phillips,* 27 Fed. Appx. 491, 494 (6th Cir. 2001); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998). Moreover, any habeas petition would be subject to dismissal because Plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000).

Finally, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Therefore, because this Court is dismissing Plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(citing to *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).

## V.  ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  April 22, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and John A. Corrion by electronic means or U.S. Mail on April 22, 2009.

s/Carol A. Pinegar
Deputy Clerk